UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARRY FEEZOR,

        Plaintiff,

  v.

BIG 5 CORP., d/b/a BIG 5 SPORTING GOODS #247,

        Defendant.

                              /

NO. CIV. 2:09-1909 WBS CMK

ORDER TO SHOW CAUSE

----oo0oo----

In its Order Setting Status (Pretrial Scheduling) Conference issued on July 14, 2009, the court unequivocally instructed all non-governmental corporate parties to include corporate disclosures in the parties' Joint Status Report:

> Pursuant to Local Rule 16-240, the parties shall submit to the court a JOINT Status Report fourteen (14) calendar days prior to the hearing date, which shall contain: . . . (m) a statement by any nongovernmental corporate party identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock.  If any nongovernmental corporate party has no parent or subsidiary corporations or no publicly held companies owning 10% or more of its

1

>    stock, it shall so state in the Joint Status Report.
>    Thereafter, if there is any change in the information,
>    the party shall file and serve a supplemental statement
>    within a reasonable time after such change occurs.

(Docket No. 6.)

In so instructing, the court emphasized the importance of corporate disclosures. The court has an obligation to recuse itself from any case in which the judge might have a "financial interest," however small. 28 U.S.C. § 455(b)(4). Because corporate parties are in the best position to identify their parent and subsidiary corporations, Federal Rule of Civil Procedure 7.1 and this court require all non-governmental corporate entities to submit corporate disclosure statements in order to assist the court in carrying out its recusal obligation.

Accordingly, the court in its Order of July 14, 2009 warned that failure to comply with the court's Order could warrant sanctions:

>    The purpose of the corporate disclosure requirement in
>    subpart (m) of this Order is to assist the court in
>    carrying out this obligation, because corporate parties
>    are in the best position to identify their parent and
>    subsidiary corporations. Without this information, the
>    court risks retaining a case in which it unknowingly has
>    a financial interest. As a consequence, not only would
>    the undersigned judge face public criticism, the public's
>    confidence in an impartial judiciary would be eroded.
>    Failure to assist the court in protecting these and the
>    other interests advanced by § 455(b)(4)--especially in
>    the face of a clear and direct request from the
>    court--amounts to sanctionable conduct.

(Id.; see also id. ("**Failure to comply with the requirements of this subpart will result in the Joint Status Report being stricken and sanctions being ordered against any nongovernmental corporate party that did not submit its corporate disclosures.**") (emphasis in original).) The Court also clarified that, "the

2

1  requirement that corporate disclosures be included in the
2  parties' Joint Status Report does not negate a nongovernmental
3  corporate party's obligation to file a disclosure statement 'with
4  its first appearance, pleading, petition, motion, response, or
5  other request addressed to the court' pursuant to Federal Rule of
6  Civil Procedure 7.1."  (Id.)

7        The court again reiterated these requirements in a
8  Minute Order issued on November 12, 2009, which noted that
9  defendant Big 5 Corp. ("Big 5") had not filed a corporate
10 disclosure statement in either the parties' Joint Status Report
11 or separately in compliance with Federal Rule of Civil Procedure
12 7.1, and required any corporate party to this action to file a
13 corporate disclosure by November 30, 2009.  (Docket No. 12.)  Big
14 5 subsequently failed to file any corporate disclosures, and has
15 not done so to this day.

16       IT IS THEREFORE ORDERED that, within ten days of the
17 date of this Order, defendant Big 5 shall either (1) pay
18 sanctions in the amount of $150.00 to the Clerk of the Court; or
19 (2) submit a statement of good cause explaining its failure to
20 comply with the court's November 12, 2009 Order.

21       IT IS FURTHER ORDERED that the Status (Pretrial
22 Scheduling) Conference set for December 14, 2009, at 2:00 p.m. is
23 vacated and reset for January 25, 2010.  The Joint Status Report
24 filed November 2, 2009, is hereby stricken and the parties shall
25 file a Supplemental Joint Status Report that complies with the
26 court's July 14, 2009 Order no later than January 11, 2010.

3

DATED:  December 9, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE