UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARRY FEEZOR,

        Plaintiff,

   v.

BIG 5 CORP., d/b/a BIG 5 SPORTING GOODS #247,

        Defendant.
_____/

NO. CIV. 2:09-1909 WBS CMK

ORDER RE: SANCTIONS

----oo0oo----

In its Order Setting Status (Pretrial Scheduling) Conference issued on July 14, 2009, the court unequivocally instructed all non-governmental corporate parties to include corporate disclosures in the parties' Joint Status Report:

> Pursuant to Local Rule 16-240, the parties shall submit to the court a JOINT Status Report fourteen (14) calendar days prior to the hearing date, which shall contain: . . . (m) a statement by any nongovernmental corporate party identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock. If any nongovernmental corporate party has no parent or subsidiary corporations or no publicly held companies owning 10% or more of its

1

> stock, it shall so state in the Joint Status Report. Thereafter, if there is any change in the information, the party shall file and serve a supplemental statement within a reasonable time after such change occurs.

(Docket No. 6.)

In so instructing, the court emphasized the importance of corporate disclosures and warned that failure to comply with the court's Order could warrant sanctions:

> The purpose of the corporate disclosure requirement in subpart (m) of this Order is to assist the court in carrying out this obligation, because corporate parties are in the best position to identify their parent and subsidiary corporations. Without this information, the court risks retaining a case in which it unknowingly has a financial interest. As a consequence, not only would the undersigned judge face public criticism, the public's confidence in an impartial judiciary would be eroded. Failure to assist the court in protecting these and the other interests advanced by § 455(b)(4)--especially in the face of a clear and direct request from the court--amounts to sanctionable conduct.

(Id.; see also id. ("**Failure to comply with the requirements of this subpart will result in the Joint Status Report being stricken and <u>sanctions being ordered against any nongovernmental corporate party that did not submit its corporate disclosures</u>**.") (emphasis in original).) The court also clarified that, "the requirement that corporate disclosures be included in the parties' Joint Status Report does not negate a nongovernmental corporate party's obligation to file a disclosure statement 'with its first appearance, pleading, petition, motion, response, or other request addressed to the court' pursuant to Federal Rule of Civil Procedure 7.1." (Id.)

The court again reiterated these requirements in a Minute Order issued on November 12, 2009, which noted that defendant Big 5 Corp. ("Big 5") had not filed a corporate

2

1  disclosure statement in either the parties' Joint Status Report
2  or separately in compliance with Federal Rule of Civil Procedure
3  7.1, and required any corporate party to this action to file a
4  corporate disclosure by November 30, 2009.  (Docket No. 12.)  Big
5  5 subsequently failed to file any corporate disclosures by the
6  November 30, 2009 deadline.
7         On December 10, 2009, the court issued an Order to Show
8  Cause ordering that defendant should either pay $150.00 in
9  sanctions to the clerk of the court or submit a statement of good
10 cause for defendant's failure to supply its corporate disclosures
11 by December 20, 2009.  (Docket No. 13.)  Defendant neither paid
12 the sanctions nor submitted any statement of good cause by that
13 date.  Instead, on January 14, 2010, defendant's counsel finally
14 submitted defendant's corporate disclosure along with a statement
15 contending that plaintiff's counsel prepared the parties' Joint
16 Status Report and that defense counsel was unaware of the court's
17 corporate disclosure requirements.  (See Docket No. 16.)
18 Defendant's counsel also claimed that she believed plaintiff
19 filed a Notice of Settlement that made the need for defendant's
20 disclosure statement moot.  (Id.)
21        Defendant's failure to comply with this court's orders
22 is unacceptable.  First, defendant's statement of January 14,
23 2010 is untimely because it was filed approximately three weeks
24 after the deadline to show good cause had passed.  Second,
25 defendant's statement does not demonstrate good cause for its
26 failure to timely file corporate disclosures with the court.  The
27 filing of a notice of settlement and removal of the joint status
28 conference from the court's calendar did not relieve defendant of

3

its obligation to file corporate disclosures. Under 28 U.S.C. § 455(b)(4), a judge must recuse himself altogether from any case in which he owns stock in a corporate party or in a parent corporation of a corporate subsidiary party. Without defendant's corporate disclosure information, the court could not so much as sign a dismissal order, let alone approve a settlement agreement, without potentially running afoul of § 455(b)(4). Even if defendant believed that plaintiff was filing a notice of settlement with the court, its corporate disclosures remained essential to the ability of the court to make any rulings in this case or even keep the case on its docket. Defendant's has therefore failed to show good cause for its failure to submit corporate disclosures to the court.

A district court has the authority under to impose sanctions for even unintentional or negligent noncompliance with the court's pretrial orders. See, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions imposed on a party for unintentionally failing to attend a scheduled mediation due to an incapacitating headache); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him"); Mt. Shasta Title & Escrow Co. v. Pennbrook Homes, No. 07-963, 2007 WL 4210478, at *2 (E.D. Cal. Nov. 28, 2007) (Burrell, J.) (sanctioning counsel $200 for mistakenly filing an inaccurate status report indicating that a party had been served).

IT IS THEREFORE ORDERED that defendant's counsel shall

4

1 | pay sanctions of $150.00 to the clerk of the court before this
2 | case may be dismissed.
3 | DATED:   January 15, 2010

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE